UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:12-CR-82-TLS |
| | 1:19-CV-363-TLS |
| CHRISTIAN D. SHELTON | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Christian D. Shelton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 162], Defendant Shelton's Letter requesting court appointed counsel [ECF No. 165], and Defendant Shelton's Letter requesting a 30–90 day extension to file documents [ECF No. 166]. Based on the Defendant's filings, the Court concludes that he is able to represent his interests and denies his request for appointed counsel. Because the Defendant filed his § 2255 Motion outside of the one-year period of limitation and because his arguments are without merit, his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 162] is dismissed.

**BACKGROUND**

On November 28, 2012, the Indictment [ECF No. 1] filed with the Court charged the Defendant with knowingly maintaining a place for the purpose of distributing, manufacturing, and using a controlled substance in violation of 21 U.S.C. § 856(a)(1) (Count 1); knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 2); and knowingly possessing a firearm while being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 3). Indictment, ECF No. 1. On June 4, 2015, the jury returned a verdict of guilty on all three counts of the Indictment after a three-day trial. *See* ECF

Nos. 72, 73, 77. On March 23, 2017, the Court sentenced the Defendant to terms of imprisonment of one-hundred and eighty months for Count 1, sixty months for Count 2, and one-hundred and twenty months for Count 3. *See* ECF No. 122. The Court ordered that the terms of imprisonment for Counts 1 and 3 be served concurrently, while the term of imprisonment for Count 2 be served consecutively to the terms for Counts 1 and 3.

On March 23, 2017, a Notice of Appeal was filed on behalf of Defendant Shelton. ECF No. 125. On March 20, 2018, the United States Court of Appeals for the Seventh Circuit ordered a limited remand of the Defendant's case so the Court could "determine whether it would have imposed the same sentence on [the Defendant], knowing it [could] consider the mandatory sentence under [18 U.S.C. § 924(c)] in light of [*Dean v. United States*, 137 S. Ct. 1170 (2017)]." *United States of America v. Shelton*, No. 17-1624 (7th Cir. Mar. 20, 2018), ECF No. 156. On March 26, 2018, the Court issued an order explaining that, "even if given an opportunity for resentencing, the Court would leave the Defendant's term of imprisonment unchanged." Mar. 26, 2018 Order, ECF No. 157.

The Court of Appeals affirmed the Judgment on April 10, 2018. *United States v. Shelton*, No. 17-1624 (7th Cir. Apr. 10, 2018), ECF No. 159. On April 26, 2018, the Defendant filed a petition for rehearing and a petition for rehearing en banc. *See United States v. Shelton*, No. 17-1624 (7th Cir. May 10, 2018), ECF No. 159. The Court of Appeals denied both petitions on May 10, 2018. *Id.* The Defendant did not petition the United States Supreme Court to grant a writ of certiorari. *See* Mot. Under 28 U.S.C. § 2255 Vacate, Set Aside, Correct Sentence by Person in Fed. Custody ¶ 9(g) (hereinafter § 2255 Mot.), ECF No. 162. Then the Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 162]. The Government filed its Response to Motion to Vacate Pursuant to 28 U.S.C. § 2255 [ECF No. 164]. The Defendant then filed a Letter [ECF No. 165] with the Court

requesting that he be appointed counsel. The Defendant filed a second Letter [ECF No. 166] with the Court requesting that he be "informed of any order [he] may have from the Court" and to "grant extensions of 30–90 days to allow time to properly file and to notify [him] of any deadlines [he] may have concerning [his] 2255 appeal." Def.'s Dec. 13, 2019 Letter, ECF No. 166.

## ANALYSIS

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, district courts must conduct a preliminary review of § 2255 motions. The Rule states in relevant part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b) of Rules Governing Section 2255 Proceedings. The Defendant's § 2255 Motion is untimely and does not present a meritorious argument for relief; therefore, the § 2255 Motion is dismissed.

**A.  The Defendant's Motion is Untimely**

The Defendant's Motion is untimely on its face and, therefore, does not withstand Rule 4(b) review.

Section 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Defendant's § 2255 Motion does not allege that government action impeded him from making a motion, that the Supreme Court has recognized a new right and made that right retroactively applicable to cases on collateral review, or that new facts supporting his claim were discovered. Therefore, the 1-year period of limitation shall run from the date his judgment of conviction became final.

> For the purposes of the 1-year period of limitation under 28 U.S.C. § 2255(f)(1),
>
> > [w]hen a defendant in a federal prosecution takes an unsuccessful direct appeal from a judgment of conviction, but does not next petition for a writ of certiorari from [the Supreme Court] . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.

*Clay v. United States*, 537 U.S. 522, 524–25 (2003); *see also United States v. Moore*, 282 F. App'x 453, 454–55 (7th Cir. 2008). The Court of Appeals affirmed the Defendant's conviction on April 10, 2018, *see Shelton*, No. 17-1624 (7th Cir. April 10, 2018), and denied a rehearing on May 10, 2018, *see Shelton*, No. 17-1624 (7th Cir. May 10, 2018). "[T]he time to file a petition for a writ of certiorari . . . runs from the date of the denial of rehearing," Sup. Ct. R. 13(3); therefore, the Defendant had until August 8, 2018, to petition the Supreme Court to grant a writ of certiorari, *see* Sup. Ct. R. 13(1) (establishing the 90-day time limit to petition the Supreme Court for a writ of certiorari).[1]

Based on the above, the Defendant, as a prisoner acting without an attorney, had until August 8, 2019, to deliver his § 2255 Motion to the prison authorities to be forwarded to the

---

[1] The Court notes that the Government's Response to the Defendant's § 2255 Motion argues that the Defendant had until August 7, 2018, to petition the Supreme Court to grant a writ of certiorari. Gov't Resp. 6, ECF No. 164. The Court believes this is a typographical error, as August 8, 2018, is 90 days after May 10, 2018. *See* Sup. Ct. R. 13.

clerk of this Court. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("The first day of the 1-year limitation period is the day after the Supreme Court denies certiorari, giving defendants until the close of business on the anniversary date of the certiorari denial to file their habeas motion."); *Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999) ("Therefore, for the purposes of a prisoner filing a *pro se* notice of appeal, the Supreme Court adopted a bright line test and held that it is timely filed for statute of limitations purposes so long as it is delivered to the prison authorities before the 30-day statute of limitations has expired and not when it is actually received by the clerk." (citing *Houston v. Lack*, 487 U.S. 266, 275–76 (1988))). The Defendant declared under penalty of perjury that his Motion was placed in the prison mailing system on August 12, 2019. § 2255 Mot. 13. As the Defendant placed his Motion in the prison mailing system after the 1-year period of limitation, his Motion is untimely and must be dismissed. *See Marcello*, 212 F.3d at 1010 (affirming the district court's dismissal of a § 2255 motion that was filed one day late).

**B.     The Defendant's Motion Fails on the Merits**

Even if the Defendant's § 2255 Motion were timely, it would fail on the merits. The § 2255 Motion presents five grounds for relief: ineffective trial counsel (Ground One), abuse of discretion of the trial court (Ground Two), unconstitutional sentence (Ground Three), unconstitutional indictment (Ground Four), and ineffective appeals counsel (Ground Five). The Court will address each ground in turn.

1.  *Ineffective Trial Counsel*[2]

It is well established that a defendant claiming ineffective assistance of counsel must show that his "'counsel's performance was deficient' and 'the deficient performance prejudiced the defense.'" *Bridges v. United States*, 991 F.3d 793, 803 (7th Cir. 2021) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). That is, the defendant must show "(1) that his trial attorney's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result." *Edmond v. United States*, 899 F.3d 446, 452 (7th Cir. 2018) (citing *Strickland*, 466 U.S. at 687–96). To show that an attorney's performance fell below an objective standard of reasonableness, the defendant must "specifically identify acts or omissions that form the basis of his claim of ineffective assistance." *United States v. Redd*, No. 1:03-CR-53, 2007 WL 1724900, at *7 (N.D. Ind. June 11, 2007) (citing *Strickland*, 466 U.S. at 690). Further, a defendant attempting to establish that he has been prejudiced "must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bridges*, 991 F.3d at 808 (quoting *Strickland*, 466 U.S. at 694). Indeed, "[b]ald allegations of prejudice are insufficient to demonstrate ineffective assistance of counsel." *Redd*, 2007 WL 1724900, at *8 (citing *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991)). If a defendant cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

The Defendant presents four ways in which he claims his attorney was ineffective: 1) his counsel did not notify the Court of false evidence presented to the grand jury, 2) his counsel improperly filed a *Franks* evidentiary hearing and failed to present an offer of proof, 3) his

---

[2] On June 1, 2015, after Attorney Anzini's Motion to Withdraw was denied, Attorney David Joley entered an appearance in this matter as co-counsel. *See* ECF Nos. 65, 68, 70. The addition of Attorney Joley does not impact the Court's analysis.

counsel did not file for a suppression hearing being fully aware of a tainted search warrant affidavit, and 4) his counsel failed to present evidence related to a prior conviction that was used to enhance his sentence.

    a.    Grand Jury Proceedings

The Defendant alleges that his counsel failed to notify the Court that false evidence was presented to the grand jury. The Defendant does not specify what evidence he alleges to be false and does not support his claim with anything suggesting that the grand jury was presented with, and relied on, false evidence. The Defendant's bare assertions of false evidence do not meet either prong of *Strickland* and do not support his ineffective counsel allegations. *See Redd*, 2007 WL 1724900, at *8 ("The Defendant's bare assertions of false testimony do not meet either prong of *Strickland*.").

    b.    *Franks* Hearing

Next, the Defendant alleges that his counsel was ineffective because he "improperly filed a Franks evidentiary hearing, failed to present offer of proof." § 2255 Mot. 5. On August 25, 2014, defense counsel filed a Motion for a *Franks* Hearing [ECF No. 45] to challenge the veracity and sufficiency of the search warrant affidavit. The Court denied the motion. Sept. 17, 2014 Op. & Order, ECF No. 50. The mere fact that the Court denied the motion is not sufficient to demonstrate that counsel was ineffective. Based on the § 2255 Motion, it is unclear whether the Defendant is arguing that his counsel was incorrect to file a motion seeking an evidentiary hearing or whether the motion itself was somehow deficient. Regardless, the Defendant does not demonstrate a reasonable possibility that his motion for an evidentiary hearing would have been granted but for the actions and omissions of his attorney. Again, the Defendant's bare assertions do not satisfy either prong of Strickland and do not support his claim of ineffective counsel.

c. Suppression Hearing

The Defendant also alleges that his counsel was ineffective because he "did not file for a suppression hear[ing], being fully aware of [a] tainted search warrant affidavit." § 2255 Mot. 5. To the extent the Defendant's argument refers to the Hartup Affidavit, the Defendant's attorney already presented arguments to the Court in the Motion for a *Franks* Hearing, and the arguments were already considered and denied. The Defendant does not demonstrate why repackaging these arguments as a motion to suppress would warrant a different outcome. Failure to raise a losing argument does not constitute ineffective assistance of counsel; therefore, defense counsel's refusal or failure to file a motion to suppress does not demonstrate that his services were ineffective. *See Redd*, 2007 WL 1724900, at *7. In any event, the Defendant does not identify what evidence his attorney should have sought to suppress and does not demonstrate a reasonable possibility that, but for the actions and omissions of his attorney, the evidence would have been suppressed. Accordingly, the Defendant has not met his burden under *Strickland*.

d. Sentencing Proceedings

The Defendant alleges that his attorney failed to properly oppose the enhancement to his sentence. Based on the entirety of the Defendant's § 2255 Motion and his previous filings, it appears the Defendant is referring to the career offender enhancement. The Defendant contends that his attorney was ineffective because he did not present evidence of the Defendant's prior conviction to show that it did not qualify him for the enhancement; however, the Court is unsure what evidence the Defendant wanted his attorney to present. Prior to the Defendant's sentencing, the Court was provided with and fully reviewed the Defendant's criminal history record. *See* Revised Final PSR, ECF No. 108. At that time, the facts were well established, and whether the enhancement applied was a matter of law not fact.

Additionally, whether the Defendant was a career offender was a significant issue during the sentencing process, and the matter was fully briefed. *See* ECF Nos. 98–100. The Addendum to the Final Presentence Investigation Report indicates that "Defense counsel objects to the defendant's classification as a career offender noting it is their position that the convictions cited as justification for this classification are not crimes of violence as defined by U.S.S.G. § 4B1.2(a)." Addendum to PSR ¶ I(a), ECF No. 95. The Defendant does not specify how the arguments presented by his attorney were improper or incorrect. The Court overruled the objection because it was contrary to the law. *See* ECF Nos. 122, 131. However, lack of success alone is not justification for relief. The Defendant's bare allegations of potential errors are insufficient to satisfy *Strickland*. Accordingly, the Defendant has not demonstrated that he received ineffective trial counsel, and his § 2255 Motion is dismissed on Ground 1.

2. *Abuse of Discretion of Trial Court*

Second, the Defendant contends that the Court abused its discretion because the "Court was aware of [a] conflict between counsel and defendant and refused to appoint new counsel." § 2255 Mot. 6. Just days before trial was scheduled to begin in this matter, the Defendant requested that the Court allow Attorney Anzini to withdraw his appearance. *See* Mot. to Withdraw, ECF No. 65. The Defendant argued that there had been a material breakdown in the attorney-client relationship and that a conflict existed stemming from his attorney's former position as an Allen County Prosecuting Attorney in 2003. The Court then held a hearing, where the Defendant was permitted to present his concerns to the Court and the Court asked Attorney Anzini about his prior position with the prosecutor's office. After this presentation, the Court concluded that the Defendant was receiving effective representation and that there was no conflict of interest.

9

Based on the Defendant's § 2255 Motion, it is unclear whether the Defendant is contending that the Court abused its discretion by failing to appoint new counsel due to the breakdown in the attorney-client relationship or for the alleged conflict of interest (or both). The Defendant did not raise either issue on appeal, and "[a] claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009)). Accordingly, the Defendant cannot obtain § 2255 relief based on this argument.

Nevertheless, "[c]riminal defendants are guaranteed effective assistance of counsel at all stages of the proceedings against them," and "[t]his right includes the right to 'representation that is free from conflict of interest.'" *Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004) (quoting *Spreitzer v. Peters*, 114 F.3d 1435, 1450 (7th Cir. 1997)). The Court acknowledges that ineffective assistance of counsel claims can be raised for the first time in a § 2255 motion, *Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004), and that an ineffective assistance of counsel claim can be based on a conflict of interest by defense counsel, *see Blake v. United States*, 723 F.3d 870, 879–84 (7th Cir. 2013). Because the Defendant's § 2255 Motion is unclear, the Court will consider whether the motion can be maintained in such a manner.

There are two frameworks "for analyzing ineffective assistance of counsel claims based on a conflict of interest by defense counsel." *Id.* at 880. "One framework applies if defense counsel labored under an 'actual' conflict of interest." *Id.* "An *actual* conflict exists when an attorney actively represents incompatible interests; it is more than a 'mere theoretical division of loyalties.'" *United States v. Fuller*, 312 F.3d 287, 291 (7th Cir. 2002) (quoting *Mickens v. Taylor*, 535 U.S. 162, 163 (2002)). When an actual conflict of interest exists, "[i]f there is any 'adverse effect' on the attorney's performance, prejudice is presumed and the defendant's argument prevails." *Blake*, 723 F.3d at 880 (quoting *Freeman v. Chandler*, 645 F.3d 863, 869

10

(7th Cir. 2011)). A defendant can demonstrate that an adverse effect occurred by showing "that there is a reasonable likelihood that his counsel's performance would have been different had there been no conflict of interest." *Id.* (quoting *Hall*, 371 F.3d at 974). If no actual conflict exists, a defendant "must establish that the conflict resulted in ineffective assistance according to the . . . *Strickland* standard" set forth above. *Id.*

In this case, the Defendant has not demonstrated that an actual conflict of interest exists. Foremost, the Court has already considered and rejected the Defendant's arguments concerning his attorney's prior position as an Allen County Prosecuting Attorney and his attenuated connection to the Defendant. The Defendant has presented nothing new that would require the Court to change its prior decision that there is no conflict of interest. May 27, 2015 Hr'g Tr. 13, ECF No. 144. Additionally, the Defendant does not specify the incompatible interests his attorney represented or make any effort to demonstrate that his attorney's performance would have been different if no conflict existed. Alternatively, the Defendant has not met the *Strickland* requirement because, as set forth in the previous section, the Defendant has not shown any prejudice he suffered based on his counsel's performance. *See Blake*, 723 F.3d at 883.

Accordingly, the Defendant's contention that the Court abused its discretion is without merit, and his § 2255 Motion is dismissed on Ground 2.

3.     *Unconstitutional Sentence*

Third, the Defendant contends that his sentence is unconstitutional because the robbery convictions used to enhance his sentence are not crimes of violence. The Defendant received a sentencing enhancement for his status as a career offender. Under the sentencing guidelines,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

11

U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2015). The Court determined that the enhancement applied because of his two previous Indiana robbery convictions. *See* PSR ¶¶ 49, 50, 57, 58.

The Defendant argues that the enhancement was improperly applied because his past robbery convictions are not crimes of violence. Specifically, the Defendant argues that "[t]he wrong class of robbery was used to enhance. Defendant was actually convicted of a lesser form of robbery." § 2255 Mot. 8. This argument, however, is without merit.

Under Indiana law,

[a] person who knowingly or intentionally takes property from another person or from the presence of another person:

>   (1) by using or threatening the use of force on any person; or
>
>   (2) by putting any person in fear;

> commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a Class A felony if it results in serious bodily injury to any person other than a defendant.

Ind. Code § 35-42-5-1 (1977).[3] In *United States v. Armour*, the Seventh Circuit held that Indiana robbery is a crime of violence under the elements clause that triggers the application of the career offender enhancement. 840 F.3d 904, 906–07 (7th Cir. 2016). The defendant in *Armour* argued that the district court improperly sentenced him as a career offender because Indiana robbery does not qualify as a crime of violence. *Id.* at 907. The defendant argued that the classification of Indiana robbery as a crime of violence was incorrect, as it can be committed by "putting any person in fear," which does not necessarily involve "the use, attempted use, or threatened use of

---

[3] The 1977 version of the statute was effective until June 20, 3014; therefore, the Defendant was convicted under that version of the statute.

physical force against the person of another." *Id.* The Seventh Circuit rejected this argument and explained

> that the "fear" in the Indiana robbery statute is fear of bodily injury, and Indiana courts have interpreted the statute so that "robbery by placing a person in fear of bodily injury under Indiana law involves an explicit or implicit threat of physical force and therefore qualifies as a violent felony" under the statute. [This] reasoning . . . extends to the career offender Guideline here.

*Id.* (quoting *United States v. Duncan*, 833 F.3d 751, 758 (7th Cir. 2016); citing *United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005)). Although the Indiana robbery statute distinguishes robbery offenses by severity, the Seventh Circuit in *Armour* did not address that distinction. *See id.* at 906–07.

The Defendant was convicted of Class C robbery, which required him to have taken property from another or from the presence of another by using of force, by threating the use of force, or by putting another person in fear of bodily injury. At the time, this was the least severe form of robbery under the Indiana statute. However, as previously explained, *Armour* does not distinguish between the different severity levels. During sentencing, the Court explained that "the Seventh Circuit has ruled in the *Armour* case found at 840 F.3d 904 decided by the Seventh Circuit in 2016 that Indiana robbery qualifies as a crime of violence under the elements clause of Guideline Section 4B1.2." Sentencing Tr. 4, ECF No. 131. The Defendant has not demonstrated that his offense is not a crime of violence based on *Armour*. Accordingly, the Defendant's argument is without merit, and his § 2255 Motion is denied on Ground 3.

4.      *Unconstitutional Indictment*

Fourth, the Defendant argues that the Indictment was unconstitutional because "false evidence [was] presented to [the] grand jury" and that the false evidence led to his indictment. § 2255 Mot. 9. However, he does not specify what evidence he believes was falsified or what was incorrect or misleading about it. Moreover, he does nothing to establish that the evidence

13

influenced the grand jury's decision to indict. *United States v. Vincent*, 416 F.3d 593, 600 (7th Cir. 2005). Even assuming the Defendant's contention to be true, his argument is without merit. In *United States v. Mechanik*, the Supreme Court held that any conceivable error caused by a violation of Rule 6(d) of the Federal Rules of Criminal Procedure is rendered harmless by a jury's verdict. 475 U.S. 66, 72–73 (1986). The Seventh Circuit has extended this analysis "to rules that are designed to prevent the indictment of innocent persons." *Vincent*, 416 F.3d at 602 (citing *United States v. Fountain*, 840 F.2d 509, 515 (7th Cir. 1988)). This principle applies to perjured testimony at grand jury proceedings. *Id.* (citing *United States v. Morgan*, 384 F.3d 439, 443 (7th Cir. 2004)).

In this case, a jury returned a guilty verdict for the Defendant after the conclusion of a three-day jury trial. *See* ECF No. 77. As such, any alleged error that occurred during the grand jury proceedings has been rendered harmless, and the Defendant's argument is without merit. For this reason, the Defendant's § 2255 Motion is denied on Ground 4.

5.  *Ineffective Appeals Counsel*

Finally, the Defendant argues that his appellate counsel was ineffective because "1) counsel failed to raise issues movant asserts in [the] current 2255 appeal," and "2) counsel failed to file cert. regarding direct appeal." § 2255 Mot. 14.

A claim of ineffective assistance of appellate counsel is also subject to the *Strickland* analysis. *Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008). The Court has already determined that each of the arguments raised in this § 2255 are without merit. Accordingly, the Defendant cannot satisfy the second *Strickland* prong because he would not have succeeded by presenting these arguments and was not prejudiced by his appellate counsel's decision not to bring losing arguments. *See Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Redd*, 2007 WL 1724900, at *7 (quoting *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996)).

Furthermore, the Defendant's argument that his appellate counsel was ineffective for failing to petition for a writ of certiorari is unavailing. "The Supreme Court held in *Ross v. Moffitt*, [417 U.S. 600, 617 (1974)], that a criminal defendant has no constitutional right to counsel to pursue a petition for a writ of certiorari. And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) (citations omitted). Accordingly, the Defendant has not shown that his appellate counsel was ineffective, and his § 2255 Motion is denied on Ground 5.

**C.     Appointment of Counsel**

The Defendant's motion is untimely and without merit. As such, the appointment of counsel is not necessary, and the Court denies the Defendant's request to appoint counsel.

**D.     Miscellaneous Relief**

In his Second Letter [ECF No. 166], the Defendant requests the Court to grant him additional time to make whatever filings the Court requires. The Court needs no additional documents from the Defendant; therefore, the request is denied as moot.

## NO CERTIFICATE OF APPEALABILITY

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 893 n.4 (1983)). Where, as here, "a plain procedural bar

15

is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Furthermore, the Court finds that the Defendant has failed to show that reasonable jurists could debate whether his Motion presents a viable ground for relief. Therefore, the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DISMISSES Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 162], DENIES his request for appointed counsel [ECF No. 165], and DENIES as moot his request for a 30–90 day extension to file documents [ECF No. 166]. Further, the Court DENIES a Certificate of Appealability.

SO ORDERED on April 12, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT